RICHARD HAGAN and another *v.* THEIR CREDITORS.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

BULLARD, J.  The Second Municipality of the city of New Orleans is appellant from a judgment, making absolute a rule to show cause why they should not pay to the syndic of the creditors of the ceding debtors $3315, the proportion of their contribution on the properties purchased by them.

The appellee has moved to dismiss the appeal, on the ground, that there is no bill of exceptions, statement of facts, or assignment of errors.  This motion cannot prevail, because the Judge has certified that the record contains all the evidence on which

the case was decided below, and that suffices to enable us to examine it on its merits.

It appears that the Municipality was set down as a mortgage creditor, and became the purchaser of the mortgaged premises for about $32,000. It had also the vendor's privilege on the lots as the assignee of the Frerets, of whom they had been purchased by one of the insolvents. In the cases of *Lauve* v. *His Creditors* and *Monrose* v. *His Creditors*, (not yet reported,) we held that the creditor, holding the vendor's privilege, is not liable for a share of all the charges of administration. In the present case the record does not enable us to say whether the appellant be liable, or not, for the full amount demanded; and justice, in our opinion, requires that the case should be remanded for a new trial. No notice appears to have been taken of the rule by the counsel of the municipality, and it was tried *ex parte*. The amount claimed is more than ten per cent upon the sum for which the lots were sold, and bought in by the municipality.

The judgment of the Commercial Court is therefore reversed; and it is further ordered that the case be remanded for a new trial, and that the costs of the appeal be paid by the appellee.

*Rawle*, for the appellant.

*L. Peirce*, for the syndic.